(Opinion published 56 N. W. Rep. 1115.)

---

DAVID A. COREY *vs.* ROSS CLARKE.

Submitted on brief by appellant, argued by respondent, Nov. 9, 1893. Affirmed Nov. 27, 1893.

No. 8337.

**A title held unmarketable.**

Upon the facts as found on the trial of an action brought by a vendor of real property to compel specific performance of a contract to sell and convey in respect to the condition and marketability of his title, it is *held* that said vendor could not recover.

Finding supported by the evidence.

A finding of fact in reference to the making of a subsequent agreement by the parties to the contract *held* warranted by the evidence.

Appeal by plaintiff, David A. Corey, from an order of the District Court of Ramsey County, *James J. Egan,* J., made May 25, 1893, denying his motion for a new trial.

On June 15, 1892, the plaintiff made a contract with defendant, Ross Clarke, to sell and convey to him lots six, seven, fourteen and fifteen of Chute Brothers' Division No. 6 in St. Paul for $5,000 payable one half cash on delivery of the deed and the balance in one and two years with interest secured by mortgage on the property. The purchaser paid $200 earnest money and had ten days in which to examine title. The contract provided that if the title should be found not good the sale should be void and the earnest money returned. On examination the purchaser found mechanics' liens filed against lots fourteen and fifteen and he refused to accept the title and demanded a return of his $200. The vendor insisted that the liens were invalid, refused to return the earnest money, tendered a deed, offered to give a bond of indemnity against the liens and brought this action to enforce performance of the contract. The defendant for counterclaim demanded the $200 and interest. It appeared on the trial that J. W. Fairbanks, claiming to be agent for plaintiff, had prior to January 1, 1891, made a contract in plaintiff's name for the sale of lots fourteen and fifteen to Nels Burkey. The contract was recorded and Burkey commenced the construction of a house thereon. He afterwards assigned his right to Robert Brown. Several mechanics who had done work on the house, filed liens upon the two lots, and one of them commenced an action to foreclose, making Corey, Burkey, Brown and others defendants. Corey denied that Fairbanks was his agent or authorized to sell the lots. That action was pending on June 15, 1892, undetermined, but was subsequently tried and one of the lien claims was held valid for $570 and interest against the property. The present action was tried March 25, 1893, and the Court made findings that plaintiff's title was unmarketable and directed judgment that he take nothing and that defendant recover against him the $200 earnest money with interest and costs. Plaintiff moved for a new trial and being denied appeals.

*William G. White*, for appellant, cited *Townshend* v. *Goodfellow*, 40 Minn. 312; *Fairchild* v. *Marshall*, 42 Minn. 14; *Hedderly* v. *Johnson*, 42 Minn. 443; *Richmond* v. *Koenig*, 43 Minn. 480; *Hellreigel* v. *Manning*, 97 N. Y. 56; *Murray* v. *Harway*, 56 N. Y. 337; *Shriver* v. *Shriver*, 86 N. Y. 575.

*B. H. Schriber*, for respondent, cited *Goetz* v. *Walters*, 34 Minn. 241; *George* v. *Conhaim*, 38 Minn. 338; *Mackey* v. *Ames*, 31 Minn. 103.

COLLINS, J.  Action by the vendor to enforce specific performance of a contract to sell and convey real estate.  Defendant vendee admitted the making of the contract, whereby he was entitled to receive a good title to the property, alleged that the vendor could not convey good title, and demanded judgment for the amount paid by him as earnest money, and which was to be returned in case the vendor could not give good title.  Upon findings of fact the court below ordered judgment as demanded in the answer, and this appeal is from an order denying plaintiff's motion for a new trial.

The court found that the plaintiff's title to the property was not free and clear from incumbrances.  To summarize the facts as agreed upon by the parties and as found on this branch of the case, various mechanics and builders, acting under a contract to sell this property, held by one Burkey, and executed by J. W. Fairbanks, who assumed to be plaintiff's agent, had gone upon the land long prior to the making of the contract now being considered, and had erected buildings.  All of this was done without any authority from the plaintiff, and without his knowledge or consent.  These persons, asserting lien claims upon the property, had caused to be recorded affidavits under the lien laws of the state, and were attempting to enforce their claims by a foreclosure action wherein this plaintiff was made a defendant.  After the commencement of the present action a trial as to one of these lien claims had resulted in a decision that to the amount of more than $500 one of them was a valid and subsisting lien upon plaintiff's interest in the property.  The rights of other claimants as asserted in the foreclosure action remained undetermined.  With these facts in respect to pending litigation admitted by the plaintiff and incorporated into the find-

ings of the court, it is impossible to understand how he could expect to coerce the defendant into specific performance of a contract to purchase the property under which the latter was entitled to a good and marketable title. The lien claimants were not parties to the action at bar, nor were they in privity with the parties, and their rights would be wholly unaffected by any judgment which might be rendered. The validity of the claim of one of these persons had already been established as against the plaintiff himself, and the validity of each of the claims of the remaining lienors depended upon the result of litigation involving questions of fact in an action to which this defendant was not a party. That very grave doubts existed as to the marketability of plaintiff's title is obvious, and a court of equity would not for a moment think of compelling defendant to accept it. The rules which govern these cases have recently been reviewed in *Richmond* v. *Koenig*, 43 Minn. 480, (45 N. W. Rep. 1093,) and need not be specifically discussed on this occasion. Applied to the facts now presented, it is plain that the trial court was correct in its view of this branch of plaintiff's case.

We take it from the allegations of the complaint and the proofs, that plaintiff did not wholly rely upon his alleged perfect title to the property, but upon a parol contract, which he avers was subsequently entered into, whereby defendant agreed to receive a bond indemnifying him from loss or damage resulting from the foreclosure action. The court below found that no such contract had been made, and this was evident from the testimony introduced by the plaintiff. This finding relieves us from considering various questions of law which would have arisen had plaintiff sustained the allegations of his complaint respecting the making of such a contract.

Order affirmed.

(Opinion published 56 N. W. Rep. 1063.)